# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BLAKE SANDLAIN[1],**

                      Petitioner,

      v.                                CASE NO. 17-3103-JWL

**NICOLE ENGLISH,**

                      Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. Petitioner challenges his designation as a career offender.

**Background**

In April 2014, petitioner was indicted in the U.S. District Court for the Eastern District of Michigan for being a felon in possession of a firearm; possession with intent to distribute a controlled substance; maintaining drug-involved premises; and using a firearm in furtherance of a drug trafficking crime. He entered a plea agreement and was sentenced to a term of 180 months with a three year term of supervised release. He did not appeal.

In August 2015, petitioner moved to vacate his sentence under 28 U.S.C. § 2255. The district court dismissed the motion, but on appeal, the U.S. Court of Appeals for the Sixth Circuit denied a certificate of appealability and his motion to appoint counsel but found that petitioner's classification as a career offender might be

---

[1] The petition shows the petitioner's surname is Sandlain, and the Court uses that name in this document. The Court notes that the financial records maintained by the Bureau of Prisons reflect the petitioner's name is Blake Sandlin.

affected by *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In June 2016, the Sixth Circuit authorized petitioner to file a second motion based on *Johnson*. In that motion, petitioner challenged his career offender designation, arguing that the residual clause in the United States Sentencing Guidelines on which his designation rests was unconstitutionally vague.[2] The sentencing court rejected that argument. *Sandlain v. United States*, 2017 WL 2002005 (E.D. Mich. May 12, 2017).[3]

In the present action, petitioner seeks relief from the career offender designation under *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Court has reviewed the matter, declines to appoint counsel, and concludes the petition must be dismissed.

## Analysis

Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, upon a showing that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention", a federal prisoner may attack his federal conviction by bringing a petition for habeas corpus under 28 U.S.C. § 2241 under the savings clause of § 2255(e).

A court determines whether the remedy under § 2255 is "inadequate or ineffective" by deciding whether a petitioner's claim could have been presented in an initial § 2255 motion. If so, the the petitioner may not proceed under the savings clause. *Prost v. Anderson*, 636 F.3d

---

[2] In that action, petitioner apparently relief on *Johnson* and *Beckles v. United States*, 137 S.Ct. 886 (2017).
[3] A post-judgment motion is pending in that action.

578, 584 (10th Cir. 2011).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. As noted, petitioner seeks the removal of the career offender designation and resentencing. However, his reliance on *Mathis* is misplaced. The United States Supreme Court has not held that its decision in *Mathis* applies retroactively to cases on collateral review. Both the Tenth Circuit, in which he currently is confined, and district courts in the Sixth Circuit, in which he was convicted, have determined that the *Mathis* decision did not announce a new rule of constitutional law. *See United States v. Taylor*, 672 Fed.Appx. 860, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016)(*Mathis* did not announce new substantive rule and does not apply retroactively on collateral review); *Atkinson v. United States*, 2017 WL 1227876, at *2(W.D. Mich. Apr. 4, 2017)("the Supreme Court has not held that *Mathis* is a new rule made retroactive on collateral review"); *Brodie v. United States*, 2017 WL 2540570 at *2 (W.D. Ky. June 9, 2017)("the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review").

Because the *Mathis* decision has not been held to apply retroactively, the Court concludes that petitioner may not proceed in habeas corpus under § 2241 and that the transfer of this matter to the district of petitioner's conviction is not warranted.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #3) is denied.

IT IS FURTHER ORDERED this matter is dismissed.

**IT IS SO ORDERED.**

DATED: This 23rd day of June, 2017, at Kansas City, Kansas.

                                          s/ John W. Lungstrum

                                          JOHN W. LUNGSTRUM
                                          U.S. District Judge