IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BLAKE SANDLAIN,**

                          Petitioner,

          v.                             CASE NO. 17-3103-JWL

**NICOLE ENGLISH,**

                          Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. On June 23, 2017, the Court denied relief. On July 3, 2017, petitioner filed a motion for reconsideration (Doc. #6) and a pleading captioned as Judicial Notice to the Court (Doc. #7). On July 7, 2017, he filed a Notice of Appeal (Doc. #8).

**The Motion for Reconsideration**

The Court liberally construes the motion for reconsideration and the accompanying request for judicial notice as a motion to alter or amend the judgment filed under Rule 59(e) of the Federal Rules of Civil Procedure. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)(where a motion concerns "reconsideration of matters properly encompassed in a decision on the merits" it is examined under Rule 59(e)).

Relief under Rule 59(e) is limited and may be granted only if the moving party establishes "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000). However, reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)(quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

In the motion for reconsideration, petitioner concedes that the decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016) does not apply retroactively on collateral review. He contends instead that the *Mathis* ruling is a "watershed" ruling and that, as such, it should be applied retroactively. The Court rejects this argument. As the Court explained in the Memorandum and Order denying relief, the case law in this Circuit and in the Sixth Circuit, where petitioner was convicted, has held that the *Mathis* decision did not announce a new rule of constitutional law and does not apply retroactively on collateral review. *See United States v. Taylor*, 672 Fed.Appx. 860, 864 (10th Cir. 2016)(collecting cases) and *Proctor v. United States*, 2017 WL 2802174, at *2 (W.D. Ky. June 28, 2017)("The Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review.").

Petitioner filed no appeal following his guilty plea, and he has sought relief twice under 28 U.S.C. § 2255. Petitioner may now seek collateral relief under the *Mathis* decision only if it is determined to be a new rule that applies retroactively on collateral review[1], and

---

[1] Where a new rule of law is created, 28 U.S.C. 2255(f)(3) provides that the one-year limitation period for filing runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review".

there is no authority in this Circuit for such application. Petitioner has not identified any contrary authority, and the Court finds no basis to allow this matter to proceed under 28 U.S.C. § 2241 or to warrant its transfer to the district of his conviction. The Court therefore will deny the motion for reconsideration.

### The Notice of Appeal

As a federal prisoner, petitioner is not required to obtain a certificate of appealability in order to seek review of the denial of relief in an application for habeas corpus filed under 28 U.S.C. § 2241. *Hale v. Fox*, 829 F.3d 1162, 1165, n. 1 (10th Cir. 2010).

Finally, because the petitioner's Notice of Appeal does not suggest that he presents "a reasoned, nonfrivolous argument on the law and facts", the Court denies leave to proceed on appeal in forma pauperis. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. #6) is construed as a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure and is denied.

IT IS FURTHER ORDERED petitioner is denied leave to proceed on appeal in forma pauperis.

**IT IS SO ORDERED.**

DATED:  This 13th day of July, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge